JON K. WACTOR (State Bar No. 141566)
 jonwactor@ww-envlaw.com
WILLIAM D. WICK (State Bar No. 63462)
 bwick@ww-envlaw.com
PETER TON (State Bar. No. 232226)
 pton@ww-envlaw.com
WACTOR & WICK LLP
3640 Grand Avenue, Suite 200
Oakland CA 94610
Telephone: (510) 465-5750

Attorneys for Plaintiffs
FRIENDS OF THE RIVERSIDE AIRPORT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRIENDS OF RIVERSIDE AIRPORT, LLC, a limited liability corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF THE ARMY**; **ROHR, INC.**, a California Corporation; **ANZA REALTY COMPANY**, a California Corporation**; ARLINGTON UTILITY COMPANY**; **LEAR SIEGLER, INC.**; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR ENVIRONMENTAL COST RECOVERY, CONTRIBUTION, DAMAGES, AND DECLARATORY RELIEF**<br><br>1. CERCLA Cost Recovery<br>2. CERCLA Contribution<br>3. HSAA Contribution/Indemnity<br>4. CLRRA Contribution<br>5. Porter-Cologne Act Contribution<br>6. Continuing Trespass<br>7. Continuing Private Nuisance<br>8. Continuing Private Nuisance *Per Se*<br>9. Continuing Public Nuisance<br>10. Continuing Public Nuisance *Per Se*<br>11. Negligence<br>12. Negligence *Per Se*<br>13. Contribution<br>14. Waste<br>15. Equitable Indemnity<br>16. Implied Indemnity<br>17. Unjust Enrichment<br>18. Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FRIENDS OF THE RIVERSIDE AIRPORT, LLC alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover cleanup costs and damages resulting from environmental contamination of approximately 64 acres of land located at 7020 Crest Avenue, Riverside, California, known as the "Agricultural Park" or "Ag Park" ("Ag Park") and to obtain declaratory relief regarding responsibility for future harm and costs resulting from the environmental contamination.

## JURISDICTION AND VENUE

2. This court has exclusive jurisdiction over the subject matter of this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA," as amended), 42 U.S.C. §§ 9607 and 9613(b); 28 U.S.C. § 1331 (federal question).

3. The state law claims alleged in this complaint are related to the federal claims pursuant to 28 U.S.C. § 1367(a) and fall within the court's supplemental jurisdiction.

4. Venue is proper because the releases of hazardous substances which give rise to this action occurred within this District.

## PARTIES

5. Friends of Riverside Airport, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of California with its principal place of business in Jurupa Valley, California.  Plaintiff owns the Ag Park.

6. On information and belief, defendant Department of the Army ("U.S. Army") is a component of the U.S. Department of Defense, which is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

7.      On information and belief, defendant Rohr, Inc. ("Rohr") is a corporation organized under the State of California, is successor in interest to Rohr Industries, and is a separately incorporated subsidiary corporation of United Technologies Corporation Aerospace Systems and its parent United Technologies Corporation, a Delaware corporation.

8.      On information and belief, defendant Anza Realty Company ("Anza Realty") is or was a corporation organized under the laws of the State of California, with its principal place of business in California.

9.      On information and belief, defendant Arlington Utility Company ("Arlington Utility") is or was a corporation organized under the laws of the State of California, with its principal place of business in California.

10.     On information and belief, Bill Jack Industries ("Bill Jack") is or was a corporation organized under the laws of California, with its principal place of business in California, and was succeeded by or merged into Jack & Heintz Co., Siegler Corporation, and eventually defendant Lear Siegler Inc. ("LSI").

11.     The true names and capacities of the defendants named as Does 1 through 100, inclusive, whether individual, corporate, associate or otherwise are not now known to Plaintiff and therefore Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a Doe is responsible in some manner for the events or happenings referred to in the Complaint. Plaintiff will seek leave of Court to amend the Complaint to show the true names and capacities when the same have been ascertained.

## GENERAL ALLEGATIONS

### A. Description of the Ag Park

12.     The Ag Park consists of approximately 64 acres of land and is located at 7020 Crest Avenue in Riverside, California.

13.     Residential developments exist adjacent to the southern, eastern and western boundaries of the Ag Park.

14.     Open land and the Santa Ana River are north of the Ag Park.

**B. <u>Operations at the Ag Park</u>**

15.     On information and belief, in the early 1940s, the U.S. Army acquired approximately 1,240 acres of land along the Santa Ana River, which it developed as a military camp commonly known as "Camp Anza." The Ag Park is situated on a portion of the former Camp Anza.

16.     On information and belief, when it acquired Camp Anza, the U.S. Army constructed and operated a sewage treatment plant on the portion of Camp Anza that is now the Ag Park.

17.     On information and belief, the U.S. Army sewage treatment plant included various features such as pumping units, lagoons, sludge beds, aeration ponds, and pits for sewage digestion and chlorination.

18.     Upon information and belief, the Camp Anza facility included office buildings, a 250-bed hospital, barracks, training grounds, laundry facilities,  at least 59 underground storage tanks (USTs) for storing fuel and other chemicals, 5 miles of railroad spur track, a large scale gas chamber, and other facilities related to chemical weapons and conventional ordnance storage, testing and use.  Prior to its development by the U.S. Army, the Camp Anza area was mostly undeveloped land used primarily for farming purposes.

19.     On information and belief, the U.S. Army handled, used, stored, and disposed of hazardous substances at Ag Park for its military operations.

20.     On information and belief, after World War II ended, the U.S. Army decommissioned Camp Anza as an active military facility and transferred it to the U.S. War Assets Department.

21.    On information and belief, the U.S. War Assets Department sold all or portions of Camp Anza to private entities, including the sewage treatment plant and the other improvements.

22.    On information and belief, the Ag Park along with other portions of Camp Anza was eventually acquired by the Anza Realty Company, which continued to operate the sewage treatment plant.

23.    On information and belief, Arlington Utility and the City of Riverside also owned and operated the sewage treatment plant at the Ag Park during various periods until operations ceased in or around 1965.

24.    On information and belief, the sewage treatment plant and military operations resulted in discharge, release and/or disposal of hazardous substances at the Ag Park.

25.    On information and belief, hazardous substances under CERCLA and other environmental laws, including but not limited to polychlorinated biphenyls ("PCBs"), metals (including arsenic, barium, beryllium, cadmium, chromium, cobalt, copper, lead, mercury, molybdenum, nickel, selenium, silver, vanadium, zinc), dioxins, furans, perchlorate, polycyclic aromatic hydrocarbons ("PAHs"), petroleum hydrocarbons (including diesel), pesticides (including DDE and DDT), and volatile organic compounds ("VOCs" including acetone, p-isopropyl toluene, toluene, benzene, 2-butanone, ethyl benzene, 4-Ethyl toluene, 4-ethyl 2-pentanone, xylenes, 1,3,5-trimethylbenzene, 1,2,4-trimethylbenzene), were released at the Ag Park ("the Contamination").

### C. Operations at the Nearby Properties

26.    On information and belief, Rohr operated its aircraft parts manufacturing business on a portion of Camp Anza near the Ag Park and still conducts operations there at the current address of 8200 Arlington Avenue in Riverside, California ("Rohr Site").

27.     On information and belief, Rohr used, handled, stored and disposed of hazardous substances and other chemicals, including those of the same or similar chemical makeup as those found in the Contamination, in its aircraft manufacturing business and used the sewer system to dispose of its wastes at the Ag Park.

28.     On information and belief, Bill Jack Scientific Instruments conducted operations on a portion of Camp Anza, which included metal working, plating and other related operations and the manufacture of airplane parts, precision aerial cameras, motors and other equipment.

29.     On information and belief, Bill Jack used, handled, stored and disposed of hazardous substances and other chemicals, including those of the same or similar chemical makeup as those found in Contamination, from its manufacturing operations and used the sewer system to dispose of its wastes at Ag Park.

30.     On information and belief, Bill Jack and Rohr's disposal of wastes caused and/or contributed to the Contamination at the Ag Park.

31.     On information and belief, the California Regional Water Quality Control Board for the Santa Ana Region ("Regional Board") and the United States Environmental Protection Agency ("USEPA") are currently investigating unauthorized releases of hazardous substances, including those of the same or similar chemical makeup as those which caused the Contamination on Ag Park, occurring at and emanating from the Rohr Site.

**D.   Plaintiff's Cleanup of the Ag Park**

32.     In or around 2006, Plaintiff acquired the Ag Park from the City with the intent of subdividing it for residential housing like that which existed on three sides of the Ag Park.

33.     Prior to Plaintiff's acquisition of the Ag Park, Plaintiff undertook all appropriate inquiry and other environmental investigations to evaluate the condition of the Ag Park in accordance with generally accepted good commercial and

customary standards and practices, and in accordance with the federal All Appropriate Inquiries regulation found at 40 C.F.R. Part 312, and entered into an agreement with the California Department of Toxic Substances Control ("DTSC") under the California Land Reuse and Revitalization Act, Cal. Health & Safety Code §25395.60 *et seq.,* ("CLRRA Agreement") to address the Contamination.

34.    Under the CLRRA Agreement, the DTSC recognized that Plaintiff is a "bona fide purchaser" eligible for certain immunities under CLRRA in connection with its ownership of the Ag Park, as long as Plaintiff complies with the CLRRA Agreement.

35.    In the CLRRA Agreement, DTSC made an explicit determination that Plaintiff qualifies as a "bona fide purchaser" and that Plaintiff has complied with the All Appropriate Inquiries standard with respect to the Ag Park. This regulatory agency finding has significance in the federal law context, because the requirements for according bona fide purchaser status under federal law are satisfied by fulfilling the same requirements under California law. The DTSC finding that Plaintiff qualifies as a bona fide purchaser and has complied with the All Appropriate Inquiries standard is entitled to deference.

36.    The contamination in the Ag Park soil is invisible to the eye, and Plaintiff had no reason to know the extent of the Contamination when it acquired Ag Park. After its acquisition, DTSC required Plaintiff to undertake a series of iterative investigations and excavations that lasted up through and including the last three years, to discover the nature and extent of harm in order to effectively address it.

37.    In successive response actions under DTSC and USEPA oversight, Plaintiff took more than 7,200 soil samples and removed over 500,000 tons of contaminated soils and from Ag Park. In addition, Plaintiff conducted air monitoring during the cleanup, took water samples, and sampled nearby residences for chemical impacts. During these investigations it was determined that the Contamination extended in soil throughout Ag Park to a depth of more than ten feet

below ground surface, indicating repeated and long-term discharge of the contaminants to Ag Park through the operation of the sewage treatment plant and possibly other operations over the years. Despite the response actions relating to the top ten feet of soil, contaminants remain in soil below that depth.

38.    Plaintiff's response activities were directly overseen by DTSC with involvement from the USEPA, Regional Board, City of Riverside, South Coast Air Quality Management District, U.S. Army Corps of Engineers, and Department of Fish & Game, and the activities were performed with National Contingency Plan-compliant notice to and substantial engagement from the local community in a highly-publicized cleanup.

39.    Plaintiff has exercised appropriate care with respect to hazardous substances found at Ag Park by taking reasonable steps to stop any continuing release, prevent any threatened future release, and prevent or limit human, environmental or natural resource exposure to any previously released hazardous substance.

40.    Plaintiff received two Certificates of Completion from DTSC, on April 1, 2014 and July 16, 2018, with concurrence from the USEPA.

41.    Plaintiff's response activities have been extensively documented on the State of California's publicly-accessible environmental database (Case No. 33490087) on the EnviroStor website (www.envirostor.dtsc.ca.gov).

42.    As a result of the Contamination caused by defendants, Plaintiff has been required to incur response costs necessary to investigate and remediate the Ag Park. To date, Plaintiff has incurred over $31,000,000 in response costs responding to the Contamination at the Ag Park.

43.    Plaintiff has vigorously marketed the Ag Park for sale since at least 2006. However, due to the Contamination released on Ag Park by Defendants, no potential buyer has completed purchase of Ag Park. For the same reasons, potential

buyers of Ag Park would only offer significantly lower-than-market prices for it, despite Plaintiff's extensive response activities.

44.    Plaintiff is informed and believes that Defendants failed to meet their statutory and common law obligations and failed to exercise due care in the conduct of their businesses by releasing the Contamination into the environment at and emanating from Ag Park, and by failing to properly investigate and remediate the Contamination.

45.    The Contamination has injured Plaintiff and has significantly damaged Plaintiff's right to quiet occupancy and enjoyment of Ag Park.

## FIRST CLAIM FOR RELIEF

### (Cost Recovery Under CERCLA Against All Defendants)

46.    Plaintiff realleges paragraphs 1-45 above and incorporates them by reference as though fully set forth herein.

47.    The Ag Park is a "facility" within the meaning of 42 U.S.C. § 9601(9).

48.    Defendants and each of them, are "persons" within the meaning of 42 U.S.C. § 9601(21).

49.    The Contamination released in and around Ag Park, including but not limited to PCBs, includes "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

50.    Plaintiff seeks cost recovery from Defendants for the response costs incurred and which may be incurred in the future in response to the release and threat of release of the hazardous substances affecting the Ag Park under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"),  42 U.S.C. § 9607.  Each Defendant is liable as (a) a person who at the time of disposal of a hazardous substance at the Ag Park owned and/or operated the Ag Park facility; (b) a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for disposal or treatment, of

hazardous substances owned or possessed by such person, by any other part or entity; and/or (c) a person who accepted hazardous substances for transport to a site selected by such person from which there is a release or threatened release of a hazardous substance.  Defendants are jointly and severally liable pursuant to 42 U.S.C. § 9607(a) for the release and continued threat of the release of hazardous substances at and around the Ag Park facility.

51.    On information and belief, Defendants, or their predecessors in interest, were owners and/or operators of Ag Park at the time of disposal of hazardous substances there.

52.    Plaintiff has incurred, and may continue to incur, response costs as defined by 42 U.S.C. § 9601(25), including costs of investigation, removal and remedial costs, in the investigation and abatement of the releases and threatened releases of hazardous substances from Ag Park.  The response costs incurred and to be incurred by Plaintiff are the result of Contamination caused to the Ag Park by acts and omissions of the Defendants.

53.    Plaintiff is not a liable party under CERCLA, 42 U.S.C. § 9607(a).

54.    Plaintiff did not cause or contribute to the Contamination at Ag Park.

55.    The costs incurred by Plaintiff in connection with the investigation and remediation of the Ag Park were necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan.

56.    Defendants, jointly and severally, are liable for the response costs incurred and to be incurred, including, without limitation, investigation and remediation expenses, oversight costs and interest. Plaintiff prays for relief and damages as set forth below.

## SECOND CLAIM FOR RELIEF

### (Contribution Under CERCLA Against All Defendants)

57**.**    Plaintiff realleges paragraphs 1-56 above and incorporates them by reference as though fully set forth herein.

58.    Plaintiff is entitled to contribution from all Defendants under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for each Defendant's respective equitable share of all costs and damages incurred by Plaintiffs.  Plaintiff prays for relief and damages as set forth below.

59.    Notice of his action and a copy of this Complaint is being provided to the Administrator of the Environmental Protection Agency and the United States Attorney General pursuant to 42 U.S.C. 9613(l).

## THIRD CLAIM FOR RELIEF

### (Cost Recovery/Statutory Indemnity/Contribution Under HSAA Against All Defendants)

60.    Plaintiff realleges paragraphs 1-59 above and incorporates them by reference as though fully set forth herein.

61.    The California Hazardous Substance Account Act ("the Act" or "HSAA") codified at California Health & Safety Code §§ 25300 through 25395.45, provides, in relevant part, at Section 25363(e):

> Any person who has incurred removal or remedial action costs in accordance with this chapter or the federal act [defined as the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended (42 U.S.C. §§9601, *et seq*.)] may seek contribution or indemnity from any person who is liable pursuant to this chapter…

62.    Plaintiff is a "person" within the meaning of HSAA § 25319 who has incurred and will incur removal or remedial action costs in accordance with Chapter 6.8 of the Act.

63.    Section 25323.5(a) of the California Health and Safety Code defines "liable person" or "responsible party" under the Act as those who are responsible parties under the federal statute (the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607(a)). Defendants, and each of them, are "liable persons" and "responsible parties" under the Act, because they were the owners and/or operators of Ag Park at the time of disposal of hazardous substances; persons who arranged for the disposal of hazardous substances at Ag Park; and/or persons who accepted hazardous substances for transport to Ag Park.

64.    The Contamination that Defendants released onto the Ag Park includes "hazardous substances" within the meaning of California Health and Safety Code § 25316.

65.    The Ag Park is a "site" within the meaning of HSAA § 25323.9.

66.    The costs Plaintiff has incurred to investigate, remove and/or remediate the hazardous substances at Ag Park have been necessary costs for "response actions" within the meaning of HSAA §§ 25323.3.

67.    Plaintiff has given or will give written notice of this action to the Director of the California Department of Toxic Substances Control pursuant to HSAA § 25363(d).

68.    Plaintiff is entitled to contribution and/or indemnity from Defendants for its response action costs pursuant to Health and Safety Code § 25363(d), which provides that any person who has incurred response action costs may seek contribution or indemnity from any responsible party. Plaintiff prays for relief and damages as set forth below.

## FOURTH CLAIM FOR RELIEF
### (CLRRA Against All Defendants)

69.    Plaintiff realleges paragraphs 1-68 above and incorporates them by reference as though fully set forth herein.

70.     The California Land Reuse and Revitalization Act of 2004 ("CLRRA"), Health and Safety Code § 25395.60 *et seq.*, gives Plaintiff a right to pursue an action to recover its response costs for the Contamination at Ag Park.

71.     Plaintiff has complied with its obligations under its CLRRA Health & Safety Code § 25395.92 Agreement with DTSC.

72.     Plaintiff is a bona fide purchaser of Ag Park pursuant to Health and Safety Code § 25395.80.

73.     Plaintiff is in compliance with response plans approved by DTSC for remediating the Contamination at Ag Park.

74.     Defendants and each of them are responsible for the discharge or release of the Contamination, which includes "hazardous materials" as defined in Health & Safety Code § 25395.74 for which Plaintiff has incurred response costs.

75.     Plaintiff is entitled to recover such costs (Health & Safety Code § 25395.85)  as well as reasonable attorneys' fees and experts' fees incurred in connection with its claims in this action, pursuant to CLRRA (Health and Safety Code § 25395.84).  Plaintiff prays for relief and damages as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Porter-Cologne Act Contribution Against All Defendants)

76.     Plaintiff realleges paragraphs 1-75 above and incorporates them by reference as though fully set forth herein.

77.     Plaintiff is informed and believes and thereon alleges that the groundwater at or around Ag Park is contaminated with Contamination released by Defendants.

78**.**     The Porter-Cologne Act, California Water Code §§ 13350 *et seq.*, provides for a right of contribution by parties such as Plaintiff, and Plaintiff is entitled to contribution from Defendants under California Water Code § 13350(i) for

WACTOR & WICK LLP
3640 Grand Avenue, Suite 200
Oakland, CA 94610

1 its costs relating to groundwater contamination.  Plaintiff prays for relief and

2 damages as set forth below.

3 <center>**SIXTH CLAIM FOR RELIEF**</center>

4 <center>**(Continuing Trespass Against All Defendants)**</center>

5 79.    Plaintiff realleges paragraphs 1-78 above and incorporates them by

6 reference as though fully set forth herein.

7 80.    Plaintiff owns and/or possesses Ag Park.

8 81.    Defendants' acts and/or omissions caused Contamination to be released

9 at and beneath Ag Park in a manner that caused significant property damage, and

10 Plaintiff is informed and believes, and on that basis alleges, that Defendants knew or

11 should have known that their acts and/or omissions would result in the

12 Contamination of Ag Park.

13 82.    The Contamination of Ag Park has continued over time and was

14 abatable at reasonable cost.

15 83.    Defendants' continuing trespass has directly and proximately caused

16 Plaintiff's damages

17 84.  Plaintiff's possession and enjoyment was substantially impaired and

18 interfered with in that Plaintiff has been forced to undertake investigative and

19 response actions in response to the Defendants' trespass.  Plaintiff has further

20 suffered damages, including without limitation, those related to investigative costs,

21 remediation costs, loss of use of Ag Park, lost rent, carrying costs, economic loss,

22 diminution in fair market value, impairment of ability to resell Ag Park, and

23 damages associated with the stigma caused by the condition of Ag Park. Plaintiff

24 prays for relief and damages as set forth below.

25

26 <center>**SEVENTH CLAIM FOR RELIEF**</center>

27 <center>**(Continuing Private Nuisance Against All Defendants)**</center>

28

**WACTOR & WICK LLP**
3640 Grand Avenue, Suite 200
Oakland, CA 94610

<center>-14-</center>
<center>COMPLAINT</center>

85.    Plaintiff realleges paragraphs 1-84 and incorporates them by reference as though fully set forth herein.

86.    The Contamination at and affecting the Ag Park has unreasonably and substantially interfered with Plaintiff's free use and enjoyment of Ag Park and other rights of private occupancy, thereby constituting a nuisance within the meaning of California Civil Code §§ 3479 and 3481.  Plaintiff is informed and believes, and on that basis alleges, that the nuisance is continuing because it is ongoing and can be abated at reasonable cost.

87.    Plaintiff has not consented to and does not consent to this nuisance.

88.    As a result of the nuisance created by defendants, Plaintiff has been deprived of the use and enjoyment of Ag Park and has suffered damages, including without limitation, those related to investigative costs, remediation costs, loss of use of the property, lost rent, carrying costs, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Ag Park's condition. As a direct and proximate result of the nuisance caused by Defendants, Plaintiff has been damaged as alleged herein and Plaintiff prays for relief and damages as set forth below.

**EIGHTH CLAIM FOR RELIEF**

**(Continuing Private Nuisance *Per Se* Against All Defendants)**

89.    Plaintiff realleges paragraphs 1-88 set forth above and incorporates them by reference as though fully set forth herein.

90.    Defendants' release of the Contamination onto the Ag Park was and continues to be in violation of law, including but not limited to California Water Code §§ 13050(m), 13350, and 13387, California Health and Safety Code §§ 5411, 5411.5, and 117555, and California Fish and Game § 5650.  Such laws were designed to set a standard of care or conduct to protect Plaintiff and all persons and property within its jurisdiction, as well as the environment, from the type of

improper activities engaged in by Defendants, and each of them, as alleged in this Complaint.

91.    Plaintiff has sustained special injury as a result of these nuisances, including incurring investigative and response costs.

92.    Plaintiff is informed and believes, and on that basis alleges, that the nuisance is continuing because it is ongoing and can be abated at reasonable cost.

93.    As a further direct and proximate result of the continuing private nuisance *per se* created by defendants, and each of them, Plaintiff has suffered damages as alleged and Plaintiff prays for relief and damages as set forth below.

## NINTH CLAIM FOR RELIEF

### (Continuing Public Nuisance Against All Defendants)

94.    Plaintiff realleges paragraphs 1-93 above and incorporates them by reference as though fully set forth herein.

95.    The nuisance caused by Defendants is a public nuisance because it affects an entire neighborhood and a considerable number of persons within the meaning of California Civil Code §§ 3479-3480.

96.    The nuisance has been especially injurious to Plaintiff within the meaning of California Civil Code § 3495 by virtue of the damages Plaintiff has incurred to date.

97.    The public nuisance is continuing because, among other things, it is ongoing and can be abated at reasonable cost.

98.    As a direct and proximate result of the public nuisance caused by Defendants, Plaintiff has been damaged as alleged herein.  In accordance with California Civil Procedure Code § 731, Plaintiff is entitled to damages and prays for damages as set forth below.

WACTOR & WICK LLP
3640 Grand Avenue, Suite 200
Oakland, CA 94610

## TENTH CLAIM FOR RELIEF

### (Continuing Public Nuisance *Per Se* Against All Defendants)

99.   Plaintiff realleges paragraphs 1-98 above and incorporates them by reference as though fully set forth herein.

100.   Defendants' release of Contamination onto the Ag Park was and continues to be in violation of law, including but not limited to California Water Code §§ 13050(m), 13350, and 13387, California Health and Safety Code §§ 5411, 5411.5, and 117555, and California Fish and Game § 5650.  Such laws were designed to set a standard of care or conduct to protect Plaintiff and all persons and property within its jurisdiction, as well as the environment, from the type of improper activities engaged in by defendants, and each of them, as alleged in this Complaint.

101.   Defendants, and each of them, have failed to comply with state laws as alleged above.

102.   The nuisance has been especially injurious to Plaintiff within the meaning of California Civil Code § 3495 by virtue of the damages Plaintiff has incurred to date.

103.   Plaintiff is informed and believes, and on that basis alleges, that the nuisance is continuing because, it is ongoing and can be abated at reasonable cost.

104.   As a further direct and proximate result of the continuing public nuisance *per se* created by defendants, and each of them, Plaintiff has suffered damages as alleged in this Complaint. Plaintiff is entitled to damages and prays for damages as set forth below.

## ELEVENTH CLAIM FOR RELIEF

### (Negligence Against All Defendants)

105.   Plaintiff realleges paragraphs 1-104 above and incorporates them by reference as though fully set forth herein.

WACTOR & WICK LLP
3640 Grand Avenue, Suite 200
Oakland, CA 94610

106.   Defendants had a duty to exercise due care in operating and maintaining their businesses and their related hazardous substances use, storage and disposal, as well as the proper closure of their businesses.

107.   Defendants breached their duty by failing to exercise due care in storing, handling, treating, and disposing of hazardous substances used in their heavy industrial business, and in failing to report the information known to Defendants to governmental authorities and in failing to investigate and remediate the Ag Park property to insure its environmentally safe closure as required by law.

108.   As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered damages and losses necessary to evaluate and remediate the contamination of the Ag Park.  Plaintiff has been deprived of the use and enjoyment of the Ag Park and has suffered damages, including without limitation, those related to investigative costs, remediation costs, loss of use of the Ag Park, lost rent, carrying costs, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Ag Park's condition.  Plaintiff is entitled to damages and prays for damages as set forth below.

**TWELFTH CLAIM FOR RELIEF**

**(Negligence *Per Se* Against all Defendants)**

109.   Plaintiff realleges paragraphs 1-108 above and incorporates them by reference as though fully set forth herein.

110.   Defendants had a duty to exercise due care in leasing, operating, maintaining and closing the Ag Park property and any hazardous substances or other by-products of their activities on the Ag Park.

111.   By allowing, permitting, undertaking and otherwise being responsible for the abandonment, discharge, spilling, leaking, storing, dumping and/or general disposal of Contamination, including "hazardous wastes" under the Resource

Conservation and Recovery Act and the California Hazardous Waste Control Law, on the Ag Park, Defendants failed to act with reasonable care.

112.   The actions of Defendants were, and continue to be, in violation of local, state and federal laws, including the Resource Conservation and Recovery Act (42 U.S.C. § 6922, *et seq.*), the California Hazardous Waste Control Law (§ 25100, *et seq.*), and other applicable codes, regulations, ordinances, and statutes.  These statutes impose obligations on owners or operators of hazardous waste facilities and generators of hazardous waste, and Defendants are within these classes of persons.

113.   Defendants were negligent because they knew or should have known their acts or omissions in connection with the handling, spilling, storage, discharge, dumping, abandonment, and/or disposal of Contamination on Ag Park, rather than at a lawfully permitted treatment or storage facility, could cause damage to humans and the environment. Furthermore, Defendants failed to investigate and/or remediate the hazardous substances which they were required by law to do. Notwithstanding the fact that Defendants knew or should have known of the legal requirements, Defendants took no action, and continue to take no action, to abide by the law.

114.   As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages and losses necessary to evaluate and remediate the Contamination on Ag Park.  Plaintiff has been deprived of the use and enjoyment of Ag Park and has suffered damages, including without limitation, those related to investigative costs, remediation costs, loss of use of the Ag Park, lost rent, carrying costs, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Ag Park's condition.  Plaintiff prays for relief as hereinafter set forth.

## THIRTEENTH CLAIM FOR RELIEF

### (Contribution Against All Defendants)

115.   Plaintiff realleges paragraphs 1-114 above and incorporates them by reference as though fully set forth herein.

116.   Pursuant to Section 1432 of the California Civil Code (which provides, in pertinent part, that "a party to ... a joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him"), and pursuant to common law, Plaintiff is entitled to contribution from Defendants for their share of the costs and damages incurred by Plaintiff.

117.   Plaintiff is informed and believes that a substantial portion or all of any costs and damages Plaintiff has incurred or may incur are the result of the acts and/or omissions, or intentional or negligent conduct, of Defendants, and each of them.

118.   As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to contribution for all or a portion of its costs and damages.

119.   If liability should be established on the part of Plaintiff, which liability Plaintiff expressly denies, Plaintiff is informed and believes and thereupon alleges that it may be obligated to pay sums for which it is not liable, but for which Defendants are liable.  Plaintiff therefore seeks contribution from Defendants pursuant to common law and California Civil Code § 1432.

## FOURTEENTH CLAIM FOR RELIEF

### (Waste Against All Defendants)

120.   Plaintiff realleges paragraphs 1-119 above and incorporates them by reference as though fully set forth herein.

121.   Defendants, as prior owners and possessors of the Ag Park property, were obligated to prevent injury to the Ag Park property and to maintain the Ag Park property in a safe condition for future owners of the Ag Park property, and Defendants failed to fulfill those obligations.

122.   Plaintiff is informed and believes, and on that basis alleges, that Defendants intentionally released the Contamination at and beneath Ag Park, resulting in damage to the ownership interests of future users of Ag Park, including Plaintiff.

123.   Plaintiff is informed and believes, and on that basis alleges, that Defendants acted with willful and conscious disregard for the rights and safety of others.

124.   As a direct and proximate result of the waste committed by Defendants, Plaintiff has incurred damages as alleged, and the acts of Defendants subject them to punitive damages as well. Plaintiff prays for relief as hereinafter set forth.

## FIFTEENTH CLAIM FOR RELIEF

### (Equitable Indemnity Against All Defendants)

125.    Plaintiff realleges paragraphs 1-124 above and incorporates them by reference as though fully set forth herein.

126.   The costs incurred by Plaintiff in investigating, monitoring and remediating contamination at the Ag Park are and will be the result of Defendants' illegal release of the Contamination.

127.   Plaintiff alleges that Defendants are legally responsible for the Contamination on Ag Park and are therefore legally responsible for the costs of investigating, monitoring, and remediating the Contamination.

128.   As a direct and proximate result of the foregoing, Plaintiff is entitled to full, equitable indemnity from Defendants for all costs incurred, or which may be incurred, by Plaintiff in investigating, monitoring and remediating the Contamination.

129.   As a direct and proximate result of the foregoing, Plaintiff has been deprived of the use and enjoyment of Ag Park and has suffered damages, including without limitation, those related to investigative costs, remediation costs, loss of use

of the Ag Park, lost rent, carrying costs, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Ag Park's condition. Plaintiff prays for relief as hereinafter set forth.

## SIXTEENTH CLAIM FOR RELIEF

### (Implied Indemnity Against All Defendants)

130.    Plaintiff realleges paragraphs 1-129 above and incorporates them by reference as though fully set forth herein.

131.    Plaintiff's damages as alleged above were caused solely and entirely by the active and primary negligence of Defendants and not by Plaintiff.

132.    As a result of the active and primary negligence of Defendants, defendants are obligated to fully indemnify Plaintiff for the sums Plaintiff has incurred and will continue to incur in remediating the Contamination caused by Defendants and as a consequence of the Contamination caused by Defendants.

133.    As a direct and proximate result of the foregoing, Plaintiff has been deprived of the use and enjoyment of the Ag Park and has suffered damages, including without limitation, those related to investigative costs, remediation costs, loss of use of the Ag Park, lost rent, carrying costs, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Ag Park's condition. Plaintiff prays for relief as hereinafter set forth.

## SEVENTEENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

134.    Plaintiff realleges paragraphs 1-133 above and incorporates them by reference though fully set forth herein.

135.   By arranging for the disposal or treatment of hazardous substances at the Site by another party or entity, and/or arranging with a transporter for transport for disposal or treatment of hazardous substances at the Site by another party or entity, and/or accepting hazardous substances for transport to the Site, and/or owning or operating a facility from which there has been a release, and/or by owning or operating a facility at which hazardous substances were disposed of at the time of disposal of such hazardous substance, Defendants have caused response costs to be incurred by Plaintiffs at the Ag Park.

136.   Plaintiffs have conferred, and will continue to confer, benefits on each Defendant by paying each Defendant's share of the response costs in performance of the response actions at the Ag Park. To the extent that Plaintiffs have paid such costs, which are the legal obligation of Defendants, Plaintiffs have discharged the liabilities of Defendants.  Thus, Defendants have been and will continue to be unjustly enriched at the expense of Plaintiffs.

137.   Plaintiffs have conferred, and will continue to confer, benefits on each Defendant by incurring other necessary costs of response at the Site, including but not limited to work performed in identifying other PRPs.  Thus, Defendants have been and will continue to be unjustly enriched at the expense of Plaintiffs.

## EIGHTEENTH CLAIM FOR RELIEF

### (Declaratory Relief Against all Defendants)

138.   Plaintiff realleges paragraphs 1-137 above and incorporates them by reference though fully set forth herein.

139.   An actual controversy now exists between Plaintiff on one hand, and the Defendants on the other hand, regarding responsibility for costs and damages relating to the Contamination, so that the issuance of a declaratory judgment pursuant to 28 U.S.C. §§2201-2202 and 42 U.S.C. §9613(g)(2)(B) is necessary and appropriate.

140.   CERCLA (42 U.S.C. § 9613(g)(2)(B)) provides in pertinent part:

In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

141.   Plaintiff seeks the declaration of this court that Defendants are solely and entirely liable for future compliance with local, state and federal laws and regulations, and for all future costs of response in evaluating, removing and remediating the Contamination for which Defendants are found to be liable. Plaintiff prays for relief as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, and each of them, to the extent authorized by law, as follows:

1.     Recovery of Plaintiffs' responses costs under CERCLA and the HSAA;

2.     Compensatory damages according to proof, including but not limited to late payment penalties, loss of profits, economic loss, loss of use, diminution in fair market value, damages related to the inability to resell the Ag Park, and stigma damages;

3.     Incidental and consequential damages according to proof;

4.     Attorneys' fees and expert witness costs;

5.     Costs of suit;

6.     Punitive damages;

7.     Prejudgment interest at the maximum rate permitted by law;

8.     For retention of jurisdiction of this action by this court after entry of the requested declaratory judgment, for granting to Plaintiff such further relief against Defendants as may be necessary or proper to effectuate the declaration of this Court;

9. For a declaration that defendants are solely and entirely liable in any legal or administrative actions which have been brought or may be brought by any persons or entities, public or private, concerning or related to the continuing presence of Contamination at Ag Park;

10. For a declaration that, if Plaintiff were adjudged liable in any judicial or administrative action, arising out of or related to the presence of Contamination on Ag Park, such liability is solely the liability of Defendants;

11. For a declaration that Defendants are liable to Plaintiff to contribute to and reimburse Plaintiff, and to indemnify Plaintiff, for all damages and costs suffered or to be suffered by Plaintiff resulting from or related in any way to the Contamination on Ag Park;

12. For declaratory judgment that Defendants are solely liable for such additional costs that will be incurred in monitoring and remediating Ag Park, plus interest, as may be incurred by Plaintiff in connection with any future investigation and remediation of the Ag Park; and

13. For such other and further relief as this court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: June 14, 2019

WACTOR & WICK LLP

By:/s/  Jon K. Wactor
JON K. WACTOR
WILLIAM D. WICK
PETER TON
Attorney for Plaintiff
FRIENDS OF THE RIVERSIDE
AIRPORT LLC