UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1103-MWF-KKx** | Date: | November 24, 2020 |
| Title: | *Friends of Riverside Airport, LLC v. Department of the Army, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     (In Chambers) Order Granting Motion to Compel Production of Documents [Dkt. 134]**

On October 29, 2020, Defendant United States Department of the Army ("Army") filed a Motion to Compel Plaintiff Friends of Riverside Airport LLC ("Plaintiff") to produce documents responsive to Army's Request for Production, Set Two, No. 53.  Dkt. 134.  For the reasons set forth below, Army's Motion to Compel is GRANTED.

## I.
## BACKGROUND

As set forth by the parties, "[t]his case concerns the cleanup of an approximately 64-acre property in Riverside, California, commonly known as 'Ag Park,' conducted under the Comprehensive Environmental Response, Compensation, and Liability Act ('CERCLA'), 42 U.S.C. §§ 9601 to 9675.  The cleanup was completed in phases, with three separate removal actions.  Phase I concluded in 2009, Phase II occurred from 2013 to 2014, and Phase III occurred from 2016 to 2018."  Dkt. 134-1, L.R. 37-2 Joint Stipulation ("JS"), at 3.

On March 2, 2020, Army served Requests for Production, Set Two, on Plaintiff, including Request for Production No. 53 seeking:

> documents that relate to or reflect your management and cleanup at the Ag Park, including but not limited to: communications with, and payments made to, persons participating in the cleanup; correspondence with the California Department of

> Toxic Substances Control and the U.S. Environmental Protection Agency; and your investigation into the level of contamination at the Ag Park.

Dkt. 134-2, Declaration of Andrew J. Corimski ("Corimski Decl."), ¶ 3, Ex. 1.

On April 13, 2020, Plaintiff responded to Army's Request for Production, Set Two. Id., ¶ 4, Ex. 2. Plaintiff objected on the grounds (a) the request is "overbroad, vague, and ambiguous as to 'management' and as to the time frame", (b) the use of the term "relate to or reflect" is overbroad, and (c) the request is "duplicative because responsive documents have been previously provided to all parties." Id. Plaintiff then responded that it has (a) "already produced documents responsive to this request to the parties in this case" and (b) "conducted and will continue to conduct a reasonable search of reasonably available files and records, and will produce other responsive, non-privileged documents in its possession, custody or control that have not already been produced to [Army]." Id.

On September 22, 2020, after receiving a production of documents responsive to a subpoena, Army learned there were "very few documents, communications, and correspondence [in Plaintiff's previous productions] for the period between 2009 and 2018, including internal emails from Plaintiff." Corimski Decl., ¶¶ 6, 7.

On September 30, 2020, Army's counsel sent Plaintiff's counsel an email requesting Plaintiff supplement its response to Request for Production No. 53 by October 14, 2020. Id., ¶ 8, Ex. 5.

On October 6, 2020, Army's counsel sent Plaintiff's counsel a letter via email requesting to meet and confer regarding Plaintiff's response to Request for Production No. 53 pursuant to Local Rule 37-1. Id., ¶ 10, Ex. 7.

On October 15, 2020, counsel for both parties met and conferred telephonically. Id., ¶ 11, Ex. 8.

On October 19, 2020, counsel for both parties met and conferred telephonically again. Id., ¶ 12. During the phone call, "Army expressed its concern for discovery regarding decisions around reopening the cleanup for the 2015 to 2018 period" and Plaintiff's counsel "did not confirm whether it was willing or capable of producing documents responsive to [Request for Production] No. 53 and could not describe the process by which it searched for potentially relevant documents." Dkt. 134-3, Declaration of Caitlin Wiley-Walker ("Wiley-Walker Decl."), ¶ 11; Corimski Decl., ¶ 12.

On October 27, 2020, Plaintiff produced an additional set of 3,171 documents, consisting of 101,250 pages, of which only 34 documents were responsive to Request for Production No. 35 and were email communications from 2015 to 2018. Dkt. 136-1, Supplemental Declaration of Andrew J. Corimski ("Corimski Suppl. Decl."), ¶¶ 3, 6.

On October 28, 2020, prior to gaining access to the October 27, 2020 electronic production, Army's counsel emailed Plaintiff's counsel requesting an index of the documents and inquiring whether the production included "the correspondence and communications from 2009 to 2018" that is the subject of Army's Motion to Compel. Corimski Suppl. Decl., ¶ 5, Ex. 3. On October 28, 2020, Plaintiff's counsel responded "[t]owards the beginning of the production is correspondence

from the 2009 to 2018 period," but also stated the production would not necessarily affect Army's decision to file the Motion to Compel. Id.

On October 29, 2020, Army filed the instant Motion to Compel, dkt. 134, with a joint stipulation pursuant to Local Rule 37-2, dkt. 134-1, JS. Plaintiff argues "[t]he additional documents that Army seeks are not proportional to the needs of the case (responsive documents have already been produced)" and claims requiring Plaintiff "continue to search records to produce other similar documents imposes an unreasonably high burden of time and expense on Plaintiff [Friends of Riverside Airport LLC], who is a small local developer and not a large corporation." JS at 12. Plaintiff asserts it has produced numerous documents "and will continue to do so before the non-expert discovery deadline of November 30, 2020." JS at 7. On November 5, 2020, Army filed a supplemental brief in support of the Motion to Compel. Dkt. 136. The matter thus stands submitted.

## II.
## DISCUSSION

### A. APPLICABLE LAW

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. However, "relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)). A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper–especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

Federal Rule of Civil Procedure 34 governs requests for production of documents. See FED. R. CIV. P. 34. "A party seeking discovery may move for an order compelling an answer . . . production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "The party moving to compel bears the

burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). However, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

**B.    ANALYSIS**

As an initial matter, the Court finds the documents and communications sought in Request for Production No. 53, including internal emails, are relevant to the parties' claims and defenses in this action. See FED. R. CIV. P. 26(b). Army argues the documents are relevant "a myriad of potential claims and defenses" including "whether Plaintiff: (1) is a potentially responsible party; (2) qualifies as a Bona Fide Purchaser under the California Land Reuse and Revitalization Act; (3) failed to avoid, lessen, minimize, or mitigate its alleged injuries, damages and costs; or (4) seeks to recover "necessary costs of response" that are "consistent with the national contingency plan," as required by CERCLA § 107(a), 42 U.S.C. § 9607(a)." JS at 10. Plaintiff does not dispute that the documents are relevant and only argues production would be disproportionate to the needs of the case "balancing the Plaintiff's finite resources and the limited time remaining for fact discovery, against what Army reasonably needs to address its defenses and crossclaims[.]"[1] JS at 12-15. Accordingly, the Court finds communications regarding Plaintiff's "management and cleanup at the Ag Park" are relevant.

In addition, Plaintiff's objection that the "time frame" from 2009 to 2018 is overbroad, see Corimski Decl., Ex. 2, is meritless. In fact, the time period from 2009 to 2018 is highly relevant because this period covers the second and third phases of the clean-up of the Ag Park. Hence, Plaintiff's objection on this ground is OVERRULED.

Second, Plaintiff's objections to the use of the terms "management" and "relate or reflect" as overbroad, vague, or ambiguous, see Corimski Decl., Ex. 2, are not well-taken. Notably, Plaintiff does not appear to pursue this objection in its opposition to the Motion to Compel. Hence, Plaintiff's objection on this ground is OVERRULED.

Third, Plaintiff's objection on the grounds the request is "duplicative because responsive documents have been previously provided to all parties", see Corimski Decl., Ex. 2, is also meritless. It is apparent from Plaintiff's own admission that it is continuing to produce responsive documents that its production is not complete. Hence, Plaintiff's objection on this ground is OVERRULED.

Fourth, Plaintiff's position that it is a sufficient response to a request for production to "continue to conduct" its search for responsive documents until the discovery cut-off without any indication of when its production might actually be complete is similarly meritless. JS at 7. "The duty to supplement is not a license to unduly delay production or get around discovery obligations when convenient." Lawrence v. Schlumberger Tech. Corp., No. 1:14-CV-00524 JLT, 2015 WL 3756194, at *5 (E.D. Cal. June 16, 2015) (quoting Goethe v. Cal. D.M.V., 2009 WL 3568624, *1

---

[1] Notably, the "limited time remaining for fact discovery" is due to Plaintiff's failure to produce all responsive documents when it responded to the discovery requests in April 2020.

(E.D. Cal. Oct.27, 2009)); see also Burnett v. United States, No. EDCV 15-1707-CAS (KKx), 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016) (noting the responding party has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production).

Finally, to the extent Plaintiff now seeks to raise an objection on the grounds further production is unduly burdensome and therefore disproportionate to the needs of the case, Plaintiff fails to submit any evidence supporting its objection.  See A. Farber & Partners, Inc., 234 F.R.D. at 188; Wiley-Walker Decl.  Hence, Plaintiff's objection on the grounds Request for Production No. 53 is unduly burdensome is OVERRULED.

### III.
### ORDER

Accordingly, Army's Motion to Compel is GRANTED.  **On or before November 30, 2020**, Plaintiff shall complete its production of documents in response to Army's Request for Production of Documents, Set Two, No. 53, including production of emails from 2009 to 2018.

**IT IS SO ORDERED.**